### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| **DAVID WEBB,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:16-cv-00017-JNP-PMW** |
| **STATE OF UTAH et al.,** | **District Judge Jill N. Parrish** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

District Judge Jill N. Parrish referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  The court permitted Plaintiff David Webb ("Plaintiff") to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.[2]  As such, the court will address the sufficiency of Plaintiff's complaint under the authority of the IFP statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  In addition, the court will address Plaintiff's motion for leave to amend the complaint.[3]

Due to the complaint's failure to allege a basis for jurisdiction or to state a claim on which relief may be granted, the complaint should be dismissed.  Plaintiff's proposed

---

[1] Docket no. 7.

[2] Docket no. 3.

[3] Docket no. 5.

amendment adds more defendants, but fails to resolve the substantive defects in the complaint and the amendment as proposed would be futile.

## BACKGROUND

Plaintiff's lengthy complaint is exceptionally difficult to follow and is almost completely devoid of factual allegations.  Named defendants include the State of Utah, unnamed "Utah State Agencies," unnamed "Utah State Officials," over 80 Utah cities, "and each of the COUNTIES that comprise the CITIES above to include the County Sheriff Departments."[4]  Almost all of the complaint is merely repetition of the same legal conclusions and copy-and-paste legal and historical discussion.

From the court's best efforts to review the complaint, it appears that the closest Plaintiff comes to stating a factual basis for any of his numerous claims is repeating the following:

> The State of Utah has a CUSTOM, POLICY and/or PROCEDURES of intentionally discriminating against Plaintiffs that have filed 42 U. S. C. 1983, Actions as a Private Cause of Actions against the State of Utah its Utah State Agencies and its State of Utah Officials who all are recipients of Federal Funding, which precludes their Defense of any Sovereign Immunity under the 11th Amendment of the U.S. Constitution starting on 21 October 1986, enacted by the U. S. Congress abrogating such Sovereign Immunity pursuant to 42 U.S. C. 2000d -42 U.S. C. 2000d-7.
>
> . . . .
>
> This Proposed Class-Action is about the failure of the **State of Utah; Utah Cities** and **Counties** listed in **Exhibit #1,** from recognizing the inherent power of the Higher Courts of the **United States District Court for the District of Utah; 10th Circuit Court of Appeals** and the **United States Supreme Court,** which is against **"Stare Decisis,"** which obligates Lower Utah State Courts to follow not ignore the U. S. Supreme Court; 10th Circuit Court of Appeals; and United States District Court for the District of Utah Precedents when a **42 U.S. C. 1983,** Action

---

[4] Docket no. 4.

has been filed against the **State of Utah** and/or its **Agencies** and/or its **State Officials** and the **Utah Cities** and **Counties** listed in Exhibit #1.[5]

No additional details are provided, and Plaintiff fails to discuss any meaningful connection between himself and any of the entities.  By way of relief, Plaintiff seeks $1 billion in general damages, in addition to special and punitive damages.[6]

On March 10, 2016, Plaintiff filed a motion to amend the complaint to add defendants, which appear to be all of the counties in Utah and "sheriff offices" in those counties.[7]

## ANALYSIS

Even if a party does not challenge subject-matter jurisdiction, "'it is the duty of the federal court to determine the matter sua sponte.'"  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Similarly, whenever the court authorizes a party to proceed without payment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to its mandate, the courts acts sua sponte to determine the existence of subject-matter jurisdiction and whether Plaintiff states a claim on which relief may be granted.

---

[5] *Id.* (emphasis and formatting in the original).

[6] *Id.* at 41.

[7] Docket no. 8.

<u>**Lack of Subject-Matter Jurisdiction**</u>

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994).  A plaintiff must "allege in [his] pleading the facts essential to show jurisdiction." *United States ex rel. Precision Co. v. Koch Indus. Inc.*, 971 F.2d 548, 551 (10th Cir. 1992). "The court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  "[T]here is a presumption against our jurisdiction." *Penteco Corp. v. Union Gas Sys. Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"As courts of limited subject matter jurisdiction, the federal courts may only rule upon 'Cases' and 'Controversies.'" *Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006) (quoting U.S. Const. art. III, § 2).  This limitation on the court's jurisdiction requires a plaintiff to "demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  "This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998).

Here, the complaint fails to allege any facts supporting the existence of subject matter jurisdiction.  Plaintiff fails to allege any injury in fact to himself or any injury that is traceable to

the myriad government defendants.  The proposed amendments to the complaint do not cure any

of these defects.  Accordingly, Plaintiff has failed to meet his burden of establishing jurisdiction,

and the case should be dismissed.

### Failure to State a Claim

In determining whether a complaint fails to state a claim for relief under the IFP statute,

the court employs the same standard used for analyzing motions to dismiss for failure to state a

claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Kay v. Bemis*, 500 F.3d

1214, 1217-18 (10th Cir. 2007).  Under that standard, the court must "look for plausibility in

th[e] complaint. . . . Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations

[in a complaint] must be enough to raise a right to relief above the speculative level.'"  *Id*. at

1218 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (alterations in original).

More specifically, the court "look[s] to the specific allegations in the complaint to determine

whether they plausibly support a legal claim for relief."  *Id.* at 1218.

In undertaking its analysis, the court is mindful that Plaintiff is proceeding pro se and that

"[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard

than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187.  At the same time, it is not "the proper function

of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at

1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a

pro se] plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188,

1197 (10th Cir. 1989) (per curiam).

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff
> of the burden of alleging sufficient facts on which a recognized legal claim could

> be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted); *see also* DUCivR 3-5 (complaint "should state . . . the basis for the plaintiff's claim or cause of action, and the demand for relief").

Even liberally construing Plaintiff's complaint, the court concludes that Plaintiff failed to provide enough well-pleaded factual allegations to support the alleged claims. Even if Plaintiff had established a basis for subject-matter jurisdiction, Plaintiff's complaint still contains only vague, conclusory allegations.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's original complaint be **DISMISSED** and that Plaintiff's motion for leave to amend that complaint to add additional defendants be **DENIED**. Despite the significant deficiencies in the complaint, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). Out of an abundance of caution, it is recommended that Plaintiff be given leave to file an amended complaint that addresses the substantive defects in the original complaint within twenty-one (21) days of service of this order. Failure to do so will result in a recommendation that this case be dismissed with prejudice.

* * * * *

Copies of this Report and Recommendation are being sent to Plaintiff, who is hereby notified of his right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Plaintiff must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED.**

DATED this 5th day of May, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge